The opinion of the Court was delivered by
Johnson, J.
Until this case occurred, I did not suppose that this question admitted of any doubt; for the converse of the proposition contained in the motion, is certainly recognized in the case of Thompson v. Bullock, 1 Bay, 357, and the practice so far as I have been conversant with it, accords with that view of it; but the question is made, and I understand that there is some diversity in the practice in the different parts of the State, and in the opinions entertained by the bar on the subject; it becomes, therefore, necessary to consider it and to put it to rest.
Mr. Justice Buller, in his introduction to the law relative to trials, at Nisi Prius, 56, from whence the whole doctrine is drawn, says, if the deed be thirty years old, it may be “ given in evidhnce, without any proof of its execution.” “There ought,” he adds, “ to be some account given of the deed, where found,” &c. Regarding this as a finished sentence, k.h it would seem *to follow, that it was only necessary to show, that -I the deed had been in the possession of the party claiming under it, or in a place where, from the nature of its provisions, it would probably *403 be deposited; and this is doubtless a correct conclusion, so far as it relates to a peculiar species of writings which are, in some measure, to be regarded as public property, and partake in some degree of the charae - ter of records; some of which are enumerated in Phillips, 349. And that this was Mr. Justice Buller’s opinion, is, I think, obvious; for, he says, “though a deed of feoffment be proved to be duly executed, yet that is not sufficient to convey a right, unless livery of seisin be likewise proved.” Buller’s N. P. 256. However, when the deed is proved, and possession is gone along with it, then livery of seisin shall be presumed, &c. It is not, therefore, the place only, where an ancient deed is found, that always makes it evidence, but it is when the possession is according to the provisions of the deed. Vide Phillips, 349. Dunlap’s Ed. and note a.
Independent, however, of authority, it appears to me the reason and propriety of the rule is apparent, and the more so from the only reason which I have seen in opposition to it. It is, because old things are hard to be proved. Now, if this be a good reason, it operates with a two-fold force on the opposite side of the question ; for it is certainly more difficult, to say the least of it, to disprove an old thing than to prove it, especially when in most cases the party would be called on to do so without notice of its antiquity, or the necessity of doing it. Policy requires, that the possession of individuals to their landed estates should be shielded by every legitimate means ; for it is, in truth, the sheet anchor of the rights of a great proportion of the citizens of this country, to such property. And hence it is, that after a lapse of thirty years, when it may be reasonably presumed, that the witnesses to the deed are dead, or in the transitory state of the community, they are removed without the knowledge of the party, the law will presume the legal* execution p^g of the deed in favor of a possession, according to its provisions. *- But certainly no such indulgence is due to him, who (as in the present case,) neglects, for almost a century, to assert his claim by one single act of ownership. The doctrine contended for, on the part of the motion, might, in its consequences, be productive of incalculable mischiefs ; for although it is not now usual to enter upon a course of villany, the fruits of which are not to be reaped for thirty years to come, yet establish the rule contended for, and it opens the door, and many will, no doubt, find an easy entry. On the other hand, it is conceived, that no such mis-chiefs can ensue. Apprize the owner of the danger to which he is exposed, he has the power, and will avert its consequences.
The motion must be discharged.
Colcock, Nora and Gantt, JJ., concurred.